[No. 20903. Department One. April 14, 1928.]

JAMES CHAMBERS, *by his Guardian ad litem Grace Chambers, Appellant,* v. JOHN SLATTERY, *Respondent.*[1]

[1] CARRIERS (77-3) — LANDLORD AND TENANT (77) — ELEVATORS — INJURY TO TENANT—LIABILITY. In an action for injuries to a boy whose foot got through the metal grill work of a collapsible gate in an apartment house automatic elevator, error cannot be assigned on the failure to receive evidence that the gate was an old, out of date and unsuitable type, and its use negligence as a matter of law, where no such evidence was offered and the instruction given properly defined the degree of care a landlord owes to tenants.

Appeal from a judgment of the superior court for King county, Kinne, J., entered March 1, 1927, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained in an elevator accident. Affirmed.

*Rummens & Griffin* and *McBurney & O'Brien,* for appellant.

*Stephen V. Carey,* for respondent.

FRENCH, J.—The appellant, a minor child, resided with his parents in an apartment house located in the city of Seattle, and owned and operated by respondent. In this apartment house there was an Otis automatic electric elevator for the use of the tenants, and in April, 1925, appellant, in company with his mother, entered the elevator, the collapsible gate was closed, the elevator set in motion; and for some reason, the exact cause of which does not appear, appellant got his right foot through the metal grill work of the collapsible gate of the elevator with the result that the leg was injured. This action was brought by the mother as guardian *ad litem* against the owner of the apart-

¹Reported in 266 Pac. 185.

ment house, claiming that he was negligent in install-
ing and maintaining the elevator. The cause was tried
to the court with a jury and a verdict rendered for re-
spondent, and this appeal follows.

[1] The negligence complained of in the complaint
is that the gate was,

". . . an old, out of date and antiquated type,
and that it was not suitable or sufficient for the pur-
pose of protecting passengers in said elevator from
injury because of the construction thereof, in that the
bottom of said collapsible gate did not rest on the floor
of the cage and was wholly insufficient to prevent the
foot of a passenger from slipping under said collap-
sible gate, should said passenger slip or fall while in
said elevator."

A number of witnesses were called to testify con-
cerning the manufacture and installation of collapsible
elevator gates. The testimony conclusively shows that
many of them are made differently from the gate in
question, but they are all manufactured in accordance
with the same general plan. In some, the openings
are larger than in others; in some, the bars come prac-
tically to the floor; in others not so close to the floor.
Appellant alleges as error the court's failure and re-
fusal to receive testimony that the gate was an old, out
of date and antiquated type; but an examination of the
record fails to show that such testimony was offered,
and appellant makes no reference to the record to sus-
tain this claim of error.

All other claims of error seem to center around the
proposition that respondent was guilty of negligence
as a matter of law, and that the court should have so
decided. The argument seems to be that the owner of
an apartment house having an automatic elevator is
an insurer of the safety of tenants operating the same,
and is guilty of negligence, if he fails to prevent the

possibility of an accident to one riding therein. Such is not the law. The jury were properly instructed as to the degree of care a landlord owes to his tenants under such circumstances, and no exceptions were taken to any of the instructions. We find no error in the record, and the judgment is affirmed.

MACKINTOSH, C. J., PARKER, and MITCHELL, JJ., concur.